Slip Op 09 - 30

# UNITED STATES COURT OF INTERNATIONAL TRADE

|   |   |
|---|---|
| NUCOR CORPORATION, GERDAU AMERISTEEL, INC., and COMMERCIAL METALS COMPANY, :<br><br>Plaintiffs, :<br><br>v. :<br><br>UNITED STATES OF AMERICA, :<br><br>Defendant, :<br><br>and :<br><br>EKINCILER DEMIR ve CELIK SANAYI A.S., EKINCILER DIS TICARET A.S., HABAS SINAI ve TIBBI GAZLAR ISTIHSAL ENDUSTRISI A.S., COLAKOGLU DIS TICARET A.S., COLAKOGLU METALURJI A.S., KAPTAN DEMIR CELIK ENDUSTRISI ve TICARET A.S., KAPTAN METAL DIS TICARET ve NAKLIYAT A.S., DILER DEMIR CELIK ENDUSTRISI ve TICARET A.S., DILER DIS TICARET A.S., TAZICI DEMIR CELIK SANAYI ve TURIZM TICARET A.S., KROMAN CELIK SANAYII A.S., :<br><br>Defendant-Intervenors. : | Before: **MUSGRAVE, Senior Judge**<br>Consol. Court No. 07-00457 |

**OPINION AND ORDER**

[Motion for judgment on an administrative record of antidumping duty review of rebar from Turkey, remanded to International Trade Administration, U.S. Department of Commerce, for further proceedings.]

Dated: April 14, 2009

*Wiley Rein LLP* (*John R. Shane*, *Alan H. Price*, *Maureen E. Thorson*, and *Lori E. Scheetz*), for Nucor Corporation, Gerdau Ameristeel, Inc., and Commercial Metals Company.

*Michael F. Hertz*, Acting Assistant Attorney General; *Jeanne E. Davidson*, Director, *Patricia M. McCarthy*, Assistant Director, Civil Division, Commercial Litigation Branch, United States Department of Justice (*Richard P. Schroeder*); Office of the Chief Counsel for Import Administration, United States Department of Commerce (*Scott D. McBride*), of counsel, for The United States of America.

*Arnold & Porter* (*Michael T. Shor*, *Lawrence A. Schneider*, and *Francis Franze-Nakamura*), for Ekinciler Demir ve Celik Sanayi A.S. and Ekinciler Dis Ticaret A.S.

*Law Offices of David L. Simon* (*David L. Simon*) for Habas Sinai ve Tibbi Gazlar Istihsal Endustrisi A.S. and Kroman Celik Sanayii A.S.

*Arent Fox LLP* (*Myles S. Getlan*) for Colakoglu Dis Ticaret A.S., Colakoglu Metalurji A.S., Kaptan Demir Celik Endustrisi ve Ticaret A.S., and Kaptan Metal Dis Ticaret ve Nakliyat A.S.

*Hogan and Hartson* (*Craig A. Lewis*, *Jonathan T. Stoel* and *Lewis E. Leibowitz*), for Diler Demir Celik Endustrisi ve Ticaret A.S., Diler Dis Ticaret A.S., and Tazici Demir Celik Sanayi ve Turizm Ticaret A.S.

MUSGRAVE, Senior Judge: This consolidated matter implicates *Certain Steel Concrete Reinforcing Bars from Turkey; Final Results of Antidumping Duty Administrative Review and New Shipper Review and Determination to Revoke in Part*, 72 Fed. Reg. 62630 (Nov. 6, 2007) ("*Final Results*"), *inter alia* an antidumping duty administrative review covering the period April 1, 2005 through March 31, 2006 ("POR"). Originally, it included three separate actions initiated by the domestic petitioners Nucor Corporation, Gerdau Ameristeel, Inc., and Commercial Metals Company that have since been voluntarily dismissed, and on March 23, 2009, the parties presented oral argument on the remaining matter: the claim of Ekinciler Demir ve Celik Sanyi A.S. and Ekinciler Dis Tacaret A.S. ("Ekinciler"), respondent producer and exporter of Turkish rebar, that the International Trade Administration, U.S. Department of Commerce ("Commerce") erred by

imputing depreciation to a specific account Ekinciler maintains on its books and records as a fixed asset, nominally "melt shop modernization," which purportedly consists almost solely of losses on foreign exchange loans due to the devaluation of the Turkish lira in 2000/2001 and that were not incurred for the construction or acquisition of fixed assets.

During the previous administrative review, Commerce also imputed depreciation to the account, and Ekinciler was ultimately unsuccessful in contesting that decision because it had failed to prove as a matter of evidence or law that depreciation could not be imputed to the account based on the administrative record before the court. *Ekinciler Demir ve Celik Sanyi A.S. v. United States*, 32 CIT ___, Slip Op. 08-34 (Mar. 20, 2008), *aff'd*, No. 08-1371, 2009 WL 279066 (Fed. Cir. Feb. 6, 2009), incorporated herein by such reference. Ekinciler renewed its claim during this subsequent review, but was again rebuffed, for the reasons Commerce explains in its *Issues and Decision Memorandum for the Antidumping Duty Administrative Review and New Shipper Review on Certain Steel Concrete Reinforcing Bars from Turkey – April 1, 2005, through March 31, 2006* (Oct. 31, 2007) ("IDM").

The Court has jurisdiction pursuant to 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a(a)(2)(B)(iii) to hold unlawful in accordance with 19 U.S.C. § 1516a(b)(1)(B)(i) any administrative determination "unsupported by substantial evidence on the record, or otherwise not in accordance with law[.]"

According to the IDM, Commerce rejected Ekinciler's explanations regarding the nature of the expenses and the supporting documentation it had submitted because "there is no way to link the documents to the 'asset' listed in Ekinciler's financial statement." IDM at 43. Commerce

Court No. 07-00457                                                                                                      Page 4

did not, however, find that the account reflected expenses incurred for melt shop modernization or for any other fixed asset. Indeed, as before, Commerce again made no explicit finding as to what the account actually represents. *Cf.* Slip Op. 08-34 at 7. Rather, Commerce reasoned that even if the expenses were of a type that should have been expensed in the year incurred under U.S. generally accepted accounting principles (GAAP) and the international equivalent, international financial reporting standards (IFRS), the fact that Ekinciler did not do so "results in a situation simply not addressed by U.S. GAAP or the IFRS." *Id.* In the end, Commerce concluded

> it is unreasonable for Ekinciler to ignore the expense forever and as a result artificially inflate its balance sheet. In other words, it is unreasonable for Ekinciler to continue to record the asset in its financial statements and indefinitely suspend recording the corresponding depreciation expense associated with the asset. More importantly, we find that Ekinciler's failure to recognize an allocated portion of these capitalized expenses during the POR is contrary to the requirements of section 773(f)(1)(A) of the Act, because Ekinciler's reported costs do not "reasonably reflect the costs associated with the production of the merchandise."

*Id*. at 44.

And yet, as noted, when Commerce examines costs of production the antidumping statutes require the calculation of only those costs that "reasonably reflect the costs associated with the production and sale of the merchandise." 19 U.S.C. § 1677b(f)(1)(A). *See*, *e.g.*, *Hornos Electricos de Venez. v. United States*, 27 CIT 1522, 1533, 285 F.Supp.2d 1353, 1364 (2003) ("Commerce's practice is to calculate COP based on actual costs incurred during the POI"); *Micron Tech., Inc. v. United States*, 23 CIT 380, 382 (1999) ("[t]he object of the cost of production exercise is not to capture all past expenses, but rather those expenses that reasonably and accurately reflect a respondent's actual production costs for a period of review"). But here, Commerce did not find or allege from the record that the "melt shop modernization" account reflected costs "associated with

the production of merchandise" during the POR or find that it largely consists of other than foreign exchange losses incurred outside the POR that are unrelated to acquisition or construction of fixed assets. *E.g.*, *see generally* Pl.'s Br. at 5-11, 19-21 (and citations therein). Ekinciler further agrees, with Commerce, that the foreign exchange losses should have been recognized as they were incurred, and it also pressed the point, before Commerce, that maintaining those losses, proved by source documentation, on its books and records as a fixed asset amounts to incorrect accounting treatment. *E.g.*, Pub. R. Doc. 363 (Oct. 3, 2007 Hearing Tr.) at 101; *see* Pl.'s App. E at EK 0052.

　　　　　Commerce's stated policy is to treat all foreign exchange losses as an expense in the year realized. *See*, *e.g.*, *Certain Preserved Mushrooms from India: Preliminary Results of Antidumping Administrative Review*, 68 Fed. Reg. 11045, 11048 (Mar. 7, 2003). It has not justifiably explained its departure from such policy in this instance. *See*, *e.g.*, *Cultivos Miramonte S.A. v. United States*, 21 CIT 1059, 1064-65, 980 F.Supp. 1268, 1274-75 (1997); *Hussey Copper, Ltd. v. United States*, 17 CIT 993, 998, 834 F.Supp. 413, 419 (1993); *Citrosuco Paulista, S.A. v. United States*, 12 CIT 1196, 1209, 704 F.Supp. 1075, 1088 (1988). Its only apparent rationale for imputing depreciation to this account is concern over Ekinciler showing an "inflated" balance sheet. But, as Ekinciler pointedly stated at oral argument, Commerce's mandate does not include acting as the "financial statements police," it includes calculating only those costs that reasonably relate to cost of production during the period of review. 19 U.S.C. § 1677b(f)(1)(A).

　　　　　Given Ekinciler's uncontroverted evidence on the nature of the melt shop modernization account at the administrative review, the decision to impute depreciation to the account has no basis on the administrative record or in law. *Cf. Pullman-Standard v. Swint*, 456 U.S.

Court No. 07-00457                                                                                                    Page 6

273, 292 (1982) (additional fact finding unnecessary where record permits only one resolution of factual issue); *Richardson v. Suzuki Motor Co.*, 868 F.2d 1226, 1240 (Fed. Cir. 1989) (additional fact finding unnecessary where record is clear).  The court considers Commerce's other arguments without merit and hereby remands the matter to Commerce for the purpose of redetermining imputed depreciation without the amount that currently reflects the foreign exchange losses in the melt shop modernization account.  Results of remand shall be filed within 30 days hereof.

       So ordered.

                                                /s/  R. Kenton Musgrave
                                            R.  KENTON MUSGRAVE, Senior Judge

Dated: April 14, 2009
       New York, New York

# NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

Tina Potuto Kimble
Clerk of the Court

Date: _____  By: _____
                                              Deputy Clerk